UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JOHN STEPHAN PARISIE                                                        PLAINTIFF

V.                                                        CIVIL ACTION NO.4:05CV40-WAP-JAD

CHRISTOPHER EPPS, ET AL                                                        DEFENDANTS

REPORT AND RECOMMENDATION

The plaintiff has moved for a temporary restraining order (Doc. 4) in this § 1983 action.  He

seeks to compel the defendants to provide medical care.  He claims his serious medical needs are

being met by deliberate indifference.  His motion and affidavit in support of the motion contain a

litany of complaints about the care provided to him, but they also establish:

1)  That prescription medications for chronic conditions have been prescribed for him (July

22, 2004),  and provided to him(August 16, 2004);

2)   That he was able to speak with Dr. Santos "in detail"[1] about his supposed medical

emergency (August 17, 2004), though he did not have an appointment;

3)  On September 1, 2004, he was seen by a nurse at the chronic care clinic.  She listened to

his complaints, "performed several medical tasks and asked numerous questions."

4)  On September 17, 2004, he was seen again by the chronic care nurse.

5)  Dr. Santos performed a physical on  him on October 4, 2004.  Additional medications

were prescribed and the strength of his Zantac prescription doubled.

6)  Dr. Breitling saw him on November 11, 2004,  and after a "thorough" examination made

changes to his medication and diet and ordered a "medical call-in" due to hemorrhoids.

---

[1]All matters in quotations are direct quotes from Parisie's motion for the temporary
restraining order or from the attached affidavit.

7) On December 3, 2004, he was seen by Dr. Who. After examination antibiotics were ordered, though Parisie claims steroidal cream and a sitz bath were ordered but not made available.

8) On December 7, 2004, he was seen by Dr. John Bearry. Parisie claims this was done because of a grievance he filed and was the first time he was seen specifically in connection with medical problems he claims grew out of the delay in receiving prescription medications.

9) On December 13, 2004, he was seen by Dr. Virginia Vittor.

10) His affidavit was signed on January 4, 2005.

In order to obtain injunctive relief, a plaintiff must satisfy the stringent test set forth in Mississippi Power & Light Co. v. United Gas Pipe Co., 760 F.2d 618 (5th Cir. 1985) (citing Canal Authority of State of Florida v. Callaway, 489 F.2d 567 (5th Cir. 1974)). The granting or denial of a motion for a preliminary injunction rests in the sound discretion of the trial court. Canal Authority of State of Florida v. Callaway, 489 F.2d 567, 572 (5th Cir. 1974). However, the movant bears the burden of satisfying the "four prerequisites for the extraordinary relief of preliminary injunction." Id. at 572. The four prerequisites are: (1) a substantial likelihood that plaintiff will prevail on the merits; (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted; (3) the threat and injury to plaintiff outweighs the threat and harm the injunction may do to defendants; and (4) granting the preliminary injunction will not disserve the public interest. Id. at 572. These requirements are not balanced, but rather each one must be met before the court can grant such a drastic remedy as a temporary restraining order or preliminary injunction. Mississippi Power & Light, 760 F.2d at 621. In considering these prerequisites the court must bear in mind that a preliminary injunction is an extraordinary and drastic remedy which should not be granted unless

the movant clearly carries the burden of persuasion. The primary justification for applying this remedy is to preserve the court's ability to render a meaningful decision on the merits. Id. at 573.

Parisie is not entitled to the treatment that judges might prefer, or medical treatment or therapy equivalent to that provided by Medicaid or Medicare. Ruiz v. Estelle, 679 F.2d 1115, 1149 (5th Cir. 1982). Moreover, he has no right to the "best" medical treatment available. McMahon v. Beard, 583 F.2d 172, 174 (5th Cir. 1978). He certainly does not enjoy a right to medical treatment on demand. The failure of medical personnel to respond based upon his perception of an emergency does not equal deliberate indifference. It therefore appears that Parisie is unlikely to prevail on the merits. Given that he is receiving ongoing medical treatment, there is no showing that he will suffer irreparable harm. For these reasons, the undersigned recommends that the motion for temporary restraining order be denied.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the

dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 13th day of September, 2005.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE