UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JOHN STEPHAN PARISIE                                                              PLAINTIFF

VS.                                                       CIVIL ACTION NO.4:05CV40-WAP-JAD

CHRISTOPHER EPPS, ET AL                                                        DEFENDANTS

## REPORT AND RECOMMENDATION

On October 6, 2005, plaintiff, an inmate of the Mississippi Department of Corrections, appeared before the court for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) to determine if there exists a justiciable basis for his claim filed pursuant to 42 U.S.C. §1983.

Parisie says that he suffers from several chronic conditions. He claims he has not received appropriate medical care including not having prescriptions written for him by doctors filled in a timely manner. He claims that the failure to have his Zantac prescription refilled in a timely manner has led to vomiting blood and loss of weight. He claims these conditions have not received timely and appropriate treatment. He claims that Correctional Medical Services of St. Louis, Missouri and of Oklahoma City, Oklahoma and PharmacoRX are responsible for the failure to time provide him with refills of his medications. He has alleged that Dr. John Bearry and Dr. Juan Santos have not provided the necessary medical care.

Parisie has also named Christopher Epps seeking to hold him liable, not because he has any personal involvement, but he is Commissioner of MDOC. Parisie merely claims that he would have knowledge of his case based upon an ARP having been sent to his office. Epps cannot have any liability to Parisie on these facts. In a § 1983 action the employers and supervisors cannot be held

liable for the actions of prison employees under a respondeat superior theory of liability. *Monell v. Department of Social Services*, 436, U.S. 658, 98 S. Ct. 2018, 56 l. Ed. 611(1978).

Accordingly it is recommended Christopher Epps be dismissed with prejudice. Process is being issued for service upon the remaining defendants, Correctional Medical Services of St. Louis, Missouri and of Oklahoma City, Oklahoma, PharmacoRx, Dr. John Bearry and Dr. Juan Santos.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 11th day of October, 2005.

/s/ JERRY A. DAVIS  
UNITED STATES MAGISTRATE JUDGE