UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JOHN STEPHAN PARISIE                                                                    PLAINTIFF

V.                                                           CIVIL ACTION NO.4:05CV40-WAP-JAD

CHRISTOPHER EPPS, ET AL                                                              DEFENDANTS

### REPORT AND RECOMMENDATION

The defendants have filed a motion to dismiss the complaint. Parisie seeks damages claiming the defendants were deliberately indifferent to his serious medical needs. The defendants have moved to dismiss the action as not timely and for failure to state a claim.

The defendants assert that this action is time barred under § 47-5-807 Miss. Code Ann. This statute requires inmates to seek judicial review of any administrative decision within thirty days. This statute is not applicable to this action. This § 1983 action is not an appeal of the administrative decision, even though the inmates must exhaust their administrative remedies under the terms of the Prison Litigation Reform Act. The applicable statute of limitations is Mississippi's general three year statute. There is no contention that the complaint was not filed within the three year period.

The defendants also seek dismissal of the complaint under Rule 12(b)(6) for failure to state a claim upon which relief may be granted against the defendants. The parties remaining in this action are: 1) Correctional Medical Services, Inc., who is contracted to provide medical services to inmates with the Mississippi Department of Corrections, 2) PharmaCorr, LLC, who is contracted to provide prescription medications for the inmates, 3) Dr. John Bearry, the medical director of CMS, Inc., at Parchman, and 4) Dr. Juan Santos, one of Parisie's treating physicians with CMS, Inc.

According to the plaintiff's complaint medications prescribed to him for chronic conditions ran out on July 16, 2004. The following day he put in a sick call request and new prescriptions for

his medications were issued on July 22, 2004. He claims that he was not provided his medications until August 16, 2004. Parisie claims to have complained to non-parties medication technicians about not having any medications during that time. He claims as a result of not receiving medication for treatment of his high blood pressure he suffered severe dizziness and was exposed to the risk of stroke or heart attack. He claims that not receiving his anti-psychotic medications caused him to experience severe hallucinations. Parisie claims that going without Zantac caused him to develop severe vomiting of food and blood, with resulting 'massive' weight loss, great pain and the severe exacerbation of his hemorrhoids. He claims this was not the only disruption in his medications in the latter half of 2004. The complaint appears to allege that his medications were again disrupted between October 2, 2004 when Santos prescribed refills and December 12, 2004, when Parisie says part but not all of his medications were received. While Parisie's claims seem somewhat far fetched, they do not stray into the realm of "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.' Denton v. Hernandez, 504 U.S. 25, 33-34 (1992); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995). The allegations are sufficient to state a claim against Correctional Medical Services, Inc. and PharmaCorr, LLC.

The claims against the doctors are another matter. While Parisie claims that Santos and Bearry have been deliberately indifferent to his serious medical needs, his factual pleadings demonstrate that Parisie has no complaint against the doctor's under § 1983. Parisie's pleadings show that he was seen by doctors and nurses at least eight times between August 17, 2004 and December 13, 2004, before filing his complaint in January 2005.

Santos talked to Parisie "in detail" on August 17, 2004, though Parisie did not have an appointment. Santos is accused of failing to make an appointment for Parisie, failing to respond to

Parisie's written note asking for an appointment and "failing to ensure" that Parisie received his chronic care medications. These allegations do not amount to and will not support any finding of deliberate indifference on the part of Santos.

Dr. Bearry has offended Parisie by allegedly refusing to treat him on September 7, 2004 or requiring another doctor to do so, the date on which Bearry was "formally advised" of Parisie's condition. Bearry is also accused of "failing to ensure" that Parisie received his prescribed medications and not personally examining Parisie until 114 days after his alleged onset of symptoms. The allegations against Bearry establish that Parisie was not provided with the medical care he thought appropriate by the particular doctor of his choice on demand. These factual allegations cannot support a verdict against Bearry.

Accordingly the undersigned recommends that the motion to dismiss based upon Parisie's failure to file within thirty days of the conclusion of the administrative remedies program be denied. The undersigned recommends that the motion to dismiss for failure to state a claim be denied as to Correctional Medical Services, Inc. and PharmaCorp LLC. The undersigned recommends that Dr. Bearry and Dr. Santos be dismissed with prejudice.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

3

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 16th day of March, 2006.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE