UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JOHN STEPHAN PARISIE                                                                PLAINTIFF

VS.                                                             CIVIL ACTION NO.4:05CV40-WAP-JAD

CORRECTIONAL MEDICAL SERVICES, ET AL                          DEFENDANTS

REPORT AND RECOMMENDATION

The defendants Correctional Medical Services, Inc. and PharmaCorr, LLC have each filed motions for summary judgment (Doc. 77 and 79). The plaintiff has filed a response and the defendants have filed replies.[1] The record has been reviewed as appropriate.

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). It is proper,

> "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof. A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir.1988) (citing *Celotex Corp. v. Catrett*, 477 U.S. at 323, 106 S.Ct. at 2553). If the party with the burden of proof cannot produce any summary judgment evidence on an essential element of his claim, summary judgment is required. *Geiserman v. MacDonald,* 893 F 2d 787, 793(5th Cir. 1990).

All facts are considered in favor of the non-moving party, including all reasonable inferences therefrom. *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995).

---

[1]The plaintiff has also filed a sur-reply. There is a pending motion to strike this response to the reply. Because the rules do not allow for this additional response, nor has Parisie obtained leave to file this sur-reply, it has not been considered by the undersigned.

However in the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (emphasis omitted) The showing of necessary facts is

> [N]ot satisfied with "some metaphysical doubt as to the material facts," *Matsushita,* 475 U.S. at 586, 106 S.Ct. at 1356, by "conclusory allegations," *Lujan,* 497 U.S. at 871-73, 110 S.Ct. at 3180, by "unsubstantiated assertions," *Hopper v. Frank,* 16 F.3d 92 (5th Cir.1994), or by only a "scintilla" of evidence, *Davis v. Chevron U.S.A., Inc.,* 14 F.3d 1082 (5th Cir.1994). We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. *Id.* at 1075.

Finally, Rule 56(e) Fed.R.Civ.P. requires evidence and testimony that would be admissible at trial. Material that would be inadmissible cannot be considered on a motion for summary judgment since it would not establish a genuine issue of material fact.

Correctional Medical Services and PharmaCorr contend they are entitled to summary judgment because the plaintiff cannot provide proof; 1) they acted with deliberate indifference to his medical needs; and 2) that plaintiff was subjected to conditions posing a risk of serious harm to his health. Correctional Medical Services, Inc., provides medical services to inmates pursuant to its contract with the Mississippi Department of Corrections. PharmaCorr, a wholly owned subsidiary of Correctional Medical Services, handles filling and shipping prescriptions to the prisons serviced by Correctional Medical Services.[2]

---

[2] PharmaCorr also contends that the action should be dismissed as to them for the alleged failure of Parisie to exhaust his administrative remedies against it. PharmaCorr also claims it is not a state actor and therefore not subject to suit pursuant to § 1983. Its motion is disposed of without consideration of these additional contentions.

Parisie claims he was denied his high blood pressure medications(Atenolol, Clonidine, and HCTZ) and medications for acid reflux (Zantac) from around July 18, 2004 when his previous prescription expired until August 16, 2004. He claims to have suffered constant dizziness and vomiting so severe that he was 'constantly' vomiting blood. He claims he developed severe hemorrhoids as a result. His pleading claims he lost weight from 235 to 178 and implies that the weight loss was very sudden and due to his other symptoms.

The proof in the record regarding the interruption of Parisie's prescription medications is undisputed, though the parties interpret the evidence differently. Parisie put in a sick call request on July 18, 2004, for his prescriptions. There is a July 22, 2004, notation on this form saying there is no charge for the sick call because it is for prescriptions only. The form has a place for the signature of the physician to approve the prescriptions. It is blank. Parisie interprets this note as an approval of his prescription. The defendants, assert without contradiction, that without the physician's signature the form would not have been processed further and should not have been faxed to PharmaCorr. PharmaCorr states without contradictions that it would not have processed the prescriptions if the form were faxed to them without the physician's signature.

There is a second sick call request form dated August 6, 2004. This form also notes that there is no charge for the sick call as it is for refills only. This form bears the signature and initials of a physician. The form notes that the medications were reordered August 7, 2004, the date signed by the physician. There is no further evidence concerning what has happened and why there was a delay. These undisputed facts do not support a claim for deliberate indifference against either

3

defendant. It shows at most inadvertence, mistake and negligence.[3] While this failure of proof alone entitles the defendants to summary judgment, it is not the only failure of proof.

Parisie alleges his complaints regarding not receiving his prescriptions medications to the medications nurses and security staff went unheeded. Parisie has alleged under oath that sick call requests forms are not generally available and are taken by inmate gang members, who then sell them to other inmates. There are several reasons why these allegations, even if true, make no difference in considering these motions. It is undisputed that MDOC, not a party to this litigation, is responsible for making the sick call request forms available. MDOC policy requires CMS personnel, including the medications nurses to not respond to verbal requests or complaints, but to instruct inmates to fill out a sick call request. MDOC also makes the forms available to inmates, while in their cells, by request of security personnel. Any unavailability of sick call request forms from the undisputed evidence was the responsibility of MDOC, not these defendants. Parisie knew this before he filed this lawsuit.[4]

Parisie in his response to the motions for summary judgment continues to complain about the response to the terrible medical condition he alleges was brought on by the gap in getting his

---

[3] Parisie has also complained that he went without his Thorazine for about six weeks. It was not prescribed for him by his psychiatrist during this time frame. The psychiatrist has never been a party to this action. When the medication was again prescribed PharmaCorr filled the prescription. This is a disagreement with medical treatment, not evidence of deliberate indifference. This claim should not be before the court as Parisie clearly has not exhausted his administrative remedies on this claim. But the claim has been presented and is without merit and should be dismissed with prejudice. Parisie has also claimed later disruptions with his blood pressure and acid reflux medications. The records of his prescriptions shows this claim to be false. This claim should likewise be dismissed with prejudice, though Parisie brings it without having exhausted his administrative remedies.

[4] He was so advised during the administrative remedies proceedings.

medications. These complaints and the reasons why they do not state a cause of action against his doctors for deliberate indifference was discussed in detail in the report and recommendation, since adopted by the court, dismissing the individual defendant doctors. Even if the law would allow CMS could be found vicariously liable for the actions of its agents,[5] conduct that does not state a claim against the individuals certainly cannot be a basis for liability in their employer. Parisie's continuing complaints about the individual doctors does not create a triable issue of fact.

The record shows Parisie's claiming dire consequences and horrible symptoms he attributes to the interruption of his medications. He offers an affidavit from a cell mate. With no time frame stated, the inmate claims to have seen Parisie vomiting repeatedly. The defendants offer the affidavit of Dr. Bearry, based on the review of the plaintiff's medical records and his treatment of the plaintiff. The medical records rebut Parisie's claim regarding the severe, bloody vomiting. His lab work in September, October and November 2004, showed his blood and electrolytes to be in a normal range. He was not observed to be dehydrated. He was also on Thorazine for much of this time for his diagnosed schizophrenia, paranoid type. This medication can also be prescribed as an anti-nausea medication, further rebutting his claim. He was found to have had hemorrhoids in his intake into the prison system, long before this interruption in his medications, and has refused treatment for them both before and since this incident. The sudden dramatic weight loss he claims is shown by the medical records to have occurred over a much longer time frame than Parisie's pleadings imply and to have begun long before the interruption of his medications. He actually gained weight

---

[5]In a § 1983 action the employers and supervisors cannot be held liable for the actions of prison employees under a respondeat superior theory of liability. *Monell v. Department of Social Services*, 436, U.S. 658, 98 S. Ct. 2018, 56 l. Ed. 611(1978).

5

between September and December of 2004. Parisie's claimed symptoms are convincingly and completely rebutted by the medical proof offered. *Banuelos v. McFarland*, 41 F. 3d. 232, 235 (5th Cir. 1995). As Dr. Bearry states, "[T]here is no medical evidence that a person would experience the kind of extreme physical reactions alleged by Mr. Parisie during the time he was without those particular medications. Mr. Parisie's medical records reflect no evidence of discernable medical danger during the July to December 2004, period."

Finally the undersigned notes a complete failure of proof on the issue of causation. Even if Parisie's claimed symptoms are accepted as truthful and accurate for the purposes of these motions, Parisie has offered no admissible proof connecting his claimed symptoms to the disruption of his medications. He has not designated any expert witness, nor is he competent to testify on the issue of medical causation. Parisie bears the burden of proving causation and his claim must fail in the absence of such proof.

The undersigned recommends that the defendants' motions for summary judgment be granted and the plaintiff's complaint dismissed with prejudice.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 11th day of May, 2006.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE